EXHIBIT "A1"

4/15/2021 1:03 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 52496501
By: Monica Jackson
Filed: 4/15/2021 1:03 PM

# 2021-22423 / Court: 295

CAUSE NO: _____

| | | |
|---|---|---|
| NACSHAUNAL ROCHELLE SEMIENS, | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| MICHAEL L. CREMER and | § | |
| APEX FREIGHT CARRIERS, INC, | § | |
| Defendants, | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION, INTERROGATORIES AND REQUESTS FOR PRODUCTION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, NACSHAUNAL ROCHELLE SEMIENS, Plaintiff, complaining of and against MICHAEL L. CREMER and APEX FREIGHT CARRIERS, INC, Defendants, and for cause of action would show unto this Honorable Court the following:

## I.
## DISCOVERY CONTROL PLAN

1.1 Pursuant to the Texas Rules of Civil Procedure, Rule 190.1, Plaintiff states that the litigation of this case will be controlled by Level 2 discovery.

## II.
## PARTIES

2.1 Plaintiff, NACSHAUNAL ROCHELLE SEMIENS, is, and was at all times material hereto, a resident of Harris County, Texas.

2.2 Defendant, MICHAEL L. CREMER, is an individual residing in the state of GA and may be served with a citation at 27 Lake Park Dr NW, Rome, GA 30165, or wherever he may be found.

2.3    Defendant, APEX FREIGHT CARRIERS, INC, is an entity operating a business in the State of Texas for the purpose of accumulating profits and can be served by serving their Registered Agent, Chesley D Jacobs at 222 Rogers Drive, Rome, GA, 30165 or wherever she may be found.

III.
VENUE

3.1    The incident that forms the basis of this lawsuit occurred in Harris County, Texas, thus venue is proper in Harris County, Texas, by virtue of § 15.002 TEX.CIV.PRAC.& REM. CODE (Vernon 1985).

IV.
FACTS

4.1    It has become necessary to bring this suit by reason of an automobile collision which occurred on or about September 11, 2019.

4.2    At the time of the accident, Plaintiff was traveling east on Katy Freeway.

4.3    At the same time, Defendant, MICHAEL L. CREMER, was operating an 18-wheeler and was traveling east on Katy Freeway.

4.4    Suddenly and without warning, Defendant failed to maintain a single lane and struck a vehicle who was then pushed towards Plaintiff and caused a collision in which Plaintiff suffered injuries.

4.5    At the time of the collision, Defendant MICHAEL L. CREMER was operating a vehicle within the course and scope of his employment for Co-Defendant APEX FREIGHT CARRIERS, INC.

4.6    As a direct result of the impact, Plaintiff has sustained damages in excess of the minimum jurisdictional limits of this Court.

–2–

4.7     Plaintiff would further show that nothing Plaintiff did caused or contributed to the collision which forms the basis of this suit.

4.8     This suit is brought to collect a debt which is due and owing as a result of the injuries and damages that have been sustained by the Plaintiff.

V.
CAUSE OF ACTION

5.1     On the occasion in question, Defendant MICHAEL L. CREMER operated Co-Defendant's vehicle in a negligent manner and violated the duty he owed to Plaintiff to exercise ordinary care in the operation of a motor vehicle.  Such acts include, but are not limited to, the following particulars:

a)  **Failing to maintain a proper lookout** as such a person of ordinary prudence would have maintained under the same or similar circumstances;

b)  **Failing to control the distance** between his vehicle and surrounding vehicles;

c)  **Failing to maintain attention;**

d)  **Failing to drive in a single lane;**

e)  **Failing to timely apply brakes;**

f)  **Failing to control the speed of his vehicle;**

g)  **Failing to maneuver her vehicle** so as to avoid a collision; and

h)  Such other acts as may become known through discovery

Each of the above referenced acts and omissions, singularly or in combination, constitute negligence and negligence *per se*, which proximately caused the collision and damages.

5.2     Defendant's negligence *per se* is manifested in his violation of Chapter 545 of the Transportation Code, as specifically delineated in paragraph 4 above.

5.3     Defendant MICHAEL L. CREMER was, at the time of the accident, acting within the course and scope of his employment for Defendant APEX FREIGHT CARRIERS, INC. Recovery against Defendant APEX FREIGHT CARRIERS, INC is justified in that Defendant MICHAEL L. CREMER was their employee at the time of the subject accident and acted under the direction and supervision of Defendant APEX FREIGHT CARRIERS, INC.

5.4     But for the conduct of the Defendants, who failed to act as reasonably prudent persons, the collision which forms the basis of this suit and the damages sustained by the Plaintiff as a result thereof would not have occurred.

## VI.
## DAMAGES

6.1     Plaintiff prays for all the relief to which Plaintiff may show she is justly entitled, which includes the following:

    a)  Medical expenses in the past;

    b)  Medical expenses in the future;

    c)  Pain and suffering in the past

    d)  Pain and suffering in the future;

    e)  Mental anguish in the past;

    f)  Mental anguish in the future;

    g)  Past impairment;

    h)  Future impairment;

    i)  Lost wages in the past;

j) Lost wages in the future; and,

k) Property damage, including loss of use.

## VII.
## COURT COSTS

Plaintiff requests that she recover from the Defendants all costs incurred pursuant to Rule 131, Tex.R.Civ.P.

## VIII.
## PRE- AND POST-JUDGMENT INTEREST

Plaintiff requests that she be granted pre-judgment interest at the maximum rate allowed by law per year on the account, commencing on the thirtieth day from and after the sum is due and payable, until date of judgment; together with post-judgment interest at the maximum rate allowed by law from date of judgment until the judgment has been paid in full.

## IX.
## CONDITIONS PRECEDENT

All conditions precedent to Plaintiff's right to bring this action and to recover her damages and to Defendants' liability have been performed or have occurred.

## X.
## ADOPTION BY REFERENCE

Except as otherwise expressly set forth or implied by context, all statements set forth in each paragraph of this pleading are adopted by reference and incorporated into each and every other section and paragraph of this pleading to afford Plaintiff her maximum recovery for relief and for purposes of providing fair notice of Plaintiff's allegations.

## XI.
## AMOUNT OF RECOVERY SOUGHT

Pursuant to TRCP 47, Plaintiff seeks to recover monetary relief over $250,000.00 but not more than $1,000,000.00.

## XII.
## INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT

These discovery requests are being served on Defendant MICHAEL L. CREMER thirty-five (35) days after Defendants' original answer is filed.

Pursuant to Rule 196 and 197, TEX.R.CIV.P., NACSHAUNAL ROCHELLE SEMIENS, Plaintiff herein, propounds the following interrogatories and requests for production to Defendant MICHAEL L. CREMER.

You are notified that your answers to the interrogatories must be filed separately, in writing, under oath and properly sworn under oath within thirty (30) days from the date of service of these interrogatories upon Defendant and that your sworn answers may be offered into evidence at the trial of this cause.

Plaintiff also requests Defendant produce the information, records, and/or documents requested and identified herein below in Plaintiff's request for production for inspection and copying within thirty (30) days following service at the office of the undersigned.

You are further charged with the duty, as imposed upon you by Rule 193.5, TEX.R.CIV.P., to reasonably supplement your answers if you obtain information upon the basis of which:

    (a)    You or your attorney know that the answer to one or more of the following interrogatories was incorrect or incomplete when made; or

    (b)    You or your attorney know that your answer to one or more of the

–6–

following interrogatories, though correct and complete when made, is no

longer true and complete and the circumstances are such that failure to

amend your answer is, in substance, misleading; or

(c)   Information responsive to the request for production becomes available

after your responses to the requests for production have been served.

**Interrogatories**

**INTERROGATORY NO. 1**
Identify yourself and any other person either participating in the preparation of your answers to these interrogatories or supplying information used in such preparation, and identify the answers in which he/she was involved, giving your full name, residence and business addresses, residence and business telephone numbers, and occupation.
ANSWER:

**INTERROGATORY NO. 2**
State your complete employment history during the ten-year period immediately preceding the incident and the complete educational history of Defendant. Include in your answer for each employment the name of the employer, the employer's address and telephone number, your job title, and the name of your supervisor.
ANSWER:

**INTERROGATORY NO. 3**
Identify all documents referring to the incident or otherwise containing relevant facts as defined in Rule 192.3 (a) and (b), TEX.R.CIV.P., and state with specificity what particular relevant fact each document contains.
ANSWER:

**INTERROGATORY NO. 4**
Describe fully your understanding of how the incident occurred and state specifically and in detail what the claim or contention of the Defendant will be regarding any cause or contributing cause of the collision, including a statement in detail of the facts and information upon which such contention is based.
ANSWER:

**INTERROGATORY NO. 5**
State the speed of your vehicle at all times material to the collision in question including, specifically:
      a.     Your speed at the time of impact;

b.      Whether your brakes were applied at the time of impact;

c.      Your speed before applying your brakes;

d.      The location of your vehicle as opposed to the Plaintiff.

ANSWER:

**INTERROGATORY NO. 6**
State in detail what intoxicating beverages, if any, you had consumed and what drugs and medication, if any, you had ingested during the 24-hour period immediately preceding the collision.

ANSWER:

**INTERROGATORY NO. 7**
State each and every act which you contend Plaintiff should have performed or should not have performed to avoid the incident or the damages arising therefrom. As to each such act or inaction identified in this answer to the foregoing interrogatory, please further set forth:

a.      each and every non-privileged fact which you contend supports the subject contention;

b.      the identity of any person known to you who possesses or claims to possess knowledge of any non-privileged facts supporting each contention;

c.      an identification, with such particularity as you would require in a motion to produce, of each and every writing which relates to or supports each such contention; and

d.      the identity of the custodian of each writing identified in your answer to the foregoing sub-part of this interrogatory.

ANSWER:

**INTERROGATORY NO. 8**
State as fully as you ever intend to, whether you contend that the Plaintiff has exaggerated any complaint, symptom or impairment in connection with the injuries alleged to have been sustained in the incident. If so, identify as fully as you ever intend to, all facts and circumstances on which you base your contention.

ANSWER:

**INTERROGATORY NO. 9**
Do you contend that the negligence of anyone other than Defendant caused or contributed to the injuries, losses or damages in this lawsuit? If so, identify each other party that you contend to have been negligent and the manner in which each such party was negligent?

ANSWER:

**INTERROGATORY NO. 10**
Identify each health care professional, hospital and/or clinic who has examined or treated you for the injuries you allegedly sustained in the accident involved in this suit. For each such health care professional, hospital and or clinic state the dates of examination and/or treatment; the nature of such examination or treatment; the diagnosis rendered as a result of each such examination; and the costs of each examination or treatment.
ANSWER:

**INTERROGATORY NO. 11**
Please state whether or not you have ever been charged, convicted of, or pleaded guilty to any crime, felony or misdemeanor, describing the nature and extent of such charge or conviction, together with the person or entity making such charges, the exact time such charges were made, and, if applicable, the court, cause number and date when a judgment of conviction was entered against you, stating whether you are presently on probation in connection with any such conviction.
ANSWER:

**INTERROGATORY NO. 12**
Please state whether you intend to impeach Plaintiff or any of Plaintiff's witnesses with evidence of a criminal conviction, pursuant to TEX. R. Civ. EVIDENCE 609. If so, please describe such evidence by giving the name of the accused, the nature of the crime and the date of the conviction.
ANSWER:

**INTERROGATORY NO. 13**
Please state the substance of all conversations that occurred between you and Plaintiff (or any and all agents, servants or employees of Plaintiff) or any witness or other person concerning the incident made the basis of this suit and identify (name, address and phone number) all persons who participated in, were present during, or overheard these conversations.
ANSWER:

**INTERROGATORY NO. 14**
Identify (name, address and phone number) all persons you will call (whether live, by deposition or by affidavit) to testify at trial.
ANSWER:

**INTERROGATORY NO. 15**
State whether or not you did any of the following acts to avoid the accident made the basis of this suit;
a.      Honked the horn.
b.      Applied the brakes.
c.      Turned to the left or right to avoid the collision.
If not, give your reason for failing to do so.
ANSWER:

**INTERROGATORY NO. 16**
If weather, lighting conditions, visibility, obstructions or any similar factor contributed to the accident made the basis of this suit, state the factor or factors and the manner in which each contributed to the accident.
ANSWER:

**INTERROGATORY NO. 17**
Did you see the Plaintiff prior to the accident? If so, state when and what you saw.
ANSWER:

**INTERROGATORY NO. 18**
Please state whether you received a traffic citation following the accident. If you did, please state the charges asserted and the resolution of said charges.
ANSWER:

**INTERROGATORY NO. 19**
Please state where you were coming from and where you were going to before the accident occurred?
ANSWER:

## Requests for Production

Please produce for inspection and copying the following documents, information, or tangible things in your possession, custody or control:

**REQUEST NO. 1**
Any documents reflecting the names, addresses, and telephone numbers of any persons or entities who have been contacted, or from whom any information has been obtained, who may have knowledge of facts of any discoverable matter, whether admissible or not, relevant to the subject matter of this action, or that may lead to the discovery of admissible evidence.
RESPONSE:

**REQUEST NO. 2**
Any documents reflecting the identity and location name, address, telephone number and employer of any expert who may be called as a witness, the subject matter to which the witness is expected to testify, the mental impressions and opinions held by the expert, and the facts known to the expert which relate to or form the basis and the mental impressions and opinions held by the expert.
RESPONSE:

**REQUEST NO. 3**
Copies of any document or statement which any witness for Defendant will use or you anticipate may use to refresh his/her memory for either deposition or trial.
RESPONSE:

**REQUEST NO. 4**
Any and all professional or scientific literature, including treatises, periodicals, or pamphlets
which each expert witness contends are reliable authorities and are material to the subject of his
analysis and opinions in this cause of action, and from which the witness may read, quote, refer,
or allude to during the trial of this cause of action pursuant to Rule 803(18), Texas Rules of
Evidence.
RESPONSE:

**REQUEST NO. 5**
Any and all expert reports which were or will be relied upon in whole or in part by any testifying
expert in this case.
RESPONSE:

**REQUEST NO. 6**
Any and all photographs of the scene of the incident and/or vehicles involved in the incident.
RESPONSE:

**REQUEST NO. 7**
Any and all drawings, maps or sketches of the scene of the incident.
RESPONSE:

**REQUEST NO. 8**
Any and all repair records, damage reports and repair estimates for Defendant's vehicle as a
result of the damages sustained in the accident that forms the basis of this suit.
RESPONSE:

**REQUEST NO. 9**
Any and all damage reports and repair estimates for Plaintiff's vehicle as a result of the damages
sustained in the accident that forms the basis of this suit.
RESPONSE:

**REQUEST NO. 10**
A copy of the title to the vehicle driven by Defendant at the time of the incident.
RESPONSE:

**REQUEST NO. 11**
Copies of all documents evidencing mechanical repairs done to Defendant's vehicle involved in
the incident from the date Defendant first acquired said vehicle to the present.
RESPONSE:

**REQUEST NO. 12**
Any and all photographs, movies, video recordings, or visual reproductions of any kind in your
possession, the possession of your attorney, your experts, or any other person acting on your
behalf pertaining to the incident, the scene of the incident, or any other fact or matter that is the
subject or related to the subject of this suit, whether or not expected to be introduced into

evidence at trial.
RESPONSE:

**REQUEST NO. 13**
Any and all papers, books, accounts, writings, drawings, or graphs which may be used in the prosecution of this cause of action.
RESPONSE:

**REQUEST NO. 14**
Any and all books, documents, photographs or other tangible things which may be used at the time of trial which may have a bearing on this cause of action.
RESPONSE:

**REQUEST NO. 15**
Any and all documents and tangible things, the production of which has not been requested pursuant to any other request which you intend to offer into evidence at the trial of this case.
RESPONSE:

**REQUEST NO. 16**
Any and all documents and tangible things, the production of which has not been requested pursuant to any other request which you do not intend to offer into evidence at the trial of this case, but which you may use as demonstrative evidence at trial.
RESPONSE:

**REQUEST NO. 17**
Any and all statements previously made by Plaintiff concerning the subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by the Plaintiff hereto and any stenographic, mechanical, electrical or other type of recording or any transcription thereof made by the Plaintiff and contemporaneously recorded.
RESPONSE:

**REQUEST NO. 18**
A complete copy of all records or documents obtained by subpoena.
RESPONSE:

**REQUEST NO. 19**
All transcripts of depositions pertaining to this matter.
RESPONSE:

**REQUEST NO. 20**
Attach hereto a copy of your itemized car phone bill for the date of the accident.
RESPONSE:

## XIII.
## REQUESTS FOR PRODUCTION AND INTERROGATORIES

These discovery requests are being served on Defendant APEX FREIGHT CARRIERS, INC thirty-five (35) days after Defendants' original answer is field.

Pursuant to Rule 196 and 197, TEX.R.CIV.P., NACSHAUNAL ROCHELLE SEMIENS, Plaintiff herein, propounds the following interrogatories and requests for production to Defendant APEX FREIGHT CARRIERS, INC.

Defendant is notified that its answers to the interrogatories must be filed separately, in writing, under oath and properly sworn under oath within thirty (30) days from the date of service of these interrogatories upon Defendants and that your sworn answers may be offered into evidence at the trial of this cause.

Furthermore, Plaintiff requests Defendant produce the information, records, and/or documents requested and identified herein below in Plaintiff's request for production for inspection and copying within thirty (30) days following service at the office of the undersigned.

Defendant is further charged with the duty, as imposed upon you by Rule 193.5, TEX.R.CIV.P., to reasonably supplement their answers if Defendants obtain information upon the basis of which:

(a)     You or your attorney know that the answer to one or more of the following interrogatories was incorrect or incomplete when made; or

(b)     You or your attorney know that your answer to one or more of the following interrogatories, though correct and complete when made, is no longer true and complete and the circumstances are such that failure to amend your answer is, in substance, misleading; or

(c)     Information responsive to the request for production becomes available

–13–

after your responses to the requests for production have been served.

**Interrogatories**

**INTERROGATORY NO. 1**
Identify yourself and any other person either participating in the preparation of your answers to these interrogatories or supplying information used in such preparation, and identify the answers in which he/she was involved, giving your full name, residence and business addresses, residence and business telephone numbers, and occupation.
ANSWER:

**INTERROGATORY NO. 2**
State your complete employment history during the ten-year period immediately preceding the incident and the complete educational history of Defendant.  Include in your answer for each employment the name of the employer, the employer's address and telephone number, your job title, and the name of your supervisor.
ANSWER:

**INTERROGATORY NO. 3**
Identify all documents referring to the incident or otherwise containing relevant facts as defined in Rule 192.3 (a) and (b), TEX.R.CIV.P., and state with specificity what particular relevant fact each document contains.
ANSWER:

**INTERROGATORY NO. 4**
Describe fully your understanding of how the incident occurred and state specifically and in detail what the claim or contention of the Defendant will be regarding any cause or contributing cause of the collision, including a statement in detail of the facts and information upon which such contention is based.
ANSWER:

**INTERROGATORY NO. 5**
State each and every act which you contend Plaintiff should have performed or should not have performed to avoid the incident or the damages arising therefrom.  As to each such act or inaction identified in this answer to the foregoing interrogatory, please further set forth:

     a.     each and every non-privileged fact which you contend supports the subject contention;

     b.     the identity of any person known to you who possesses or claims to possess knowledge of any non-privileged facts supporting each contention;

     c.     an identification, with such particularity as you would require in a motion to produce, of each and every writing which relates to or supports each such contention; and

–14–

    d.     the identity of the custodian of each writing identified in your answer to the
            foregoing sub-part of this interrogatory.

ANSWER:

**INTERROGATORY NO. 6**
State as fully as you ever intend to, whether you contend that the Plaintiff has exaggerated any
complaint, symptom or impairment in connection with the injuries alleged to have been sustained
in the incident. If so, identify as fully as you ever intend to, all facts and circumstances on which
you base your contention.
ANSWER:

**INTERROGATORY NO. 7**
Do you contend that the negligence of anyone other than the Co-Defendant caused or contributed
to the injuries, losses or damages in this lawsuit? If so, identify each other party that you contend
to have been negligent and the manner in which each such party was negligent?
ANSWER:

**INTERROGATORY NO. 8**
Please state whether or not you have ever been charged, convicted of, or pleaded guilty to any
crime, felony or misdemeanor, describing the nature and extent of such charge or conviction,
together with the person or entity making such charges, the exact time such charges were made,
and, if applicable, the court, cause number and date when a judgment of conviction was entered
against you, stating whether you are presently on probation in connection with any such
conviction.
ANSWER:

**INTERROGATORY NO. 9**
Please state whether you intend to impeach Plaintiff or any of Plaintiff's witnesses with evidence
of a criminal conviction, pursuant to TEX. R. Civ. EVIDENCE 609. If so, please describe such
evidence by giving the name of the accused, the nature of the crime and the date of the
conviction.
ANSWER:

**INTERROGATORY NO. 10**
Please state the substance of all conversations that occurred between you and Plaintiff (or any
and all agents, servants or employees of Plaintiff) or any witness or other person concerning the
incident made the basis of this suit and identify (name, address and phone number) all persons
who participated in, were present during, or overheard these conversations.
ANSWER:

**INTERROGATORY NO. 11**
Identify (name, address and phone number) all persons you will call (whether live, by deposition
or by affidavit) to testify at trial.
ANSWER:

**INTERROGATORY NO. 12**
Please state where Co-Defendant was coming from and where he was going before the accident occurred?
ANSWER:

**INTERROGATORY NO. 13**
Please state whether Co-Defendant had received in prior reprimands, admonishments or warnings from Defendant or Defendant's representatives or agents for the five years prior to the date of the collision that forms the basis of this lawsuit.
ANSWER:

**INTERROGATORY NO. 14**
Please identify any safety tests Co-Defendant was required to take for the past five years that test or evaluate Co-Defendant's ability to drive safely, how to operate a motor vehicle safely, rules of the road, or any other tests regarding Co-Defendant's ability to perform their job duties in a safe manner, by stating the type of test taken, the date the test was taken and the grade received.
ANSWER:

**Requests for Production**

Please produce for inspection and copying the following documents, information, or tangible things in your possession, custody or control:

**REQUEST NO. 1**
Any documents reflecting the names, addresses, and telephone numbers of any persons or entities who have been contacted, or from whom any information has been obtained, who may have knowledge of facts of any discoverable matter, whether admissible or not, relevant to the subject matter of this action, or that may lead to the discovery of admissible evidence.
RESPONSE:

**REQUEST NO. 2**
Any documents reflecting the identity and location name, address, telephone number and employer of any expert who may be called as a witness, the subject matter to which the witness is expected to testify, the mental impressions and opinions held by the expert, and the facts known to the expert which relate to or form the basis and the mental impressions and opinions held by the expert.
RESPONSE:

**REQUEST NO. 3**
Copies of any document or statement which any witness for Defendant will use or you anticipate may use to refresh his/her memory for either deposition or trial.
RESPONSE:

**REQUEST NO. 4**

Any and all professional or scientific literature, including treatises, periodicals, or pamphlets which each expert witness contends are reliable authorities and are material to the subject of his analysis and opinions in this cause of action, and from which the witness may read, quote, refer, or allude to during the trial of this cause of action pursuant to Rule 803(18), Texas Rules of Evidence.

RESPONSE:

**REQUEST NO. 5**

Any and all expert reports which were or will be relied upon in whole or in part by any testifying expert in this case.

RESPONSE:

**REQUEST NO. 6**

Any and all photographs of the scene of the incident and/or vehicles involved in the incident.

RESPONSE:

**REQUEST NO. 7**

Any and all drawings, maps or sketches of the scene of the incident.

RESPONSE:

**REQUEST NO. 8**

Any and all repair records, damage reports and repair estimates for Defendant's vehicle as a result of the damages sustained in the accident that forms the basis of this suit.

RESPONSE:

**REQUEST NO. 9**

A copy of the title to the vehicle driven by Defendant at the time of the incident.

RESPONSE:

**REQUEST NO. 10**

Copies of all documents evidencing mechanical repairs done to the vehicle involved in the incident from the date Defendant first acquired said vehicle to the present.

RESPONSE:

**REQUEST NO. 11**

Any and all photographs, movies, video recordings, or visual reproductions of any kind in your possession, the possession of your attorney, your experts, or any other person acting on your behalf pertaining to the incident, the scene of the incident, or any other fact or matter that is the subject or related to the subject of this suit, whether or not expected to be introduced into evidence at trial.

RESPONSE:

**REQUEST NO. 12**
Any and all papers, books, accounts, writings, drawings, or graphs which may be used in the prosecution of this cause of action.
RESPONSE:

**REQUEST NO. 13**
Any and all books, documents, photographs or other tangible things which may be used at the time of trial which may have a bearing on this cause of action.
RESPONSE:

**REQUEST NO. 14**
Any and all documents and tangible things, the production of which has not been requested pursuant to any other request which you intend to offer into evidence at the trial of this case.
RESPONSE:

**REQUEST NO. 15**
Any and all documents and tangible things, the production of which has not been requested pursuant to any other request which you do not intend to offer into evidence at the trial of this case, but which you may use as demonstrative evidence at trial.
RESPONSE:

**REQUEST NO. 16**
Any and all statements previously made by Plaintiff concerning the subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by the Plaintiff hereto and any stenographic, mechanical, electrical or other type of recording or any transcription thereof made by the Plaintiff and contemporaneously recorded.
RESPONSE:

**REQUEST NO. 17**
A complete copy of the personnel file of Co-Defendant.
RESPONSE:

**REQUEST NO. 18**
A complete copy of any driving tests, including the results to those tests, administered to Co-Defendant.
RESPONSE:

**REQUEST NO. 19**
A complete copy of any requests and responses to the Texas Department of Motor Vehicles or any governmental safety entity regarding the driving record or driving license verification of Co-Defendant.
RESPONSE:

**REQUEST NO. 21**
A complete copy of all records or documents obtained by subpoena.
RESPONSE:

**REQUEST NO. 22**
All transcripts of depositions pertaining to this matter.
RESPONSE:

**REQUEST NO. 23**
A copy of an itemized cell phone bill issued by Defendant to Co-Defendant on the day of the accident.
RESPONSE:

**REQUEST NO. 24**
A copy of any recordings, whether they be 911 recordings, citizen band radio, radio traffic that contain information being disseminated to or from Co-Defendant.
RESPONSE:

<u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein; that Plaintiff be awarded actual and special damages in a sum to be specified by the trier of fact; that Plaintiff be awarded expenses and costs of court; that Plaintiff be granted pre- and post-judgment interest as provided by law; and that Plaintiff receive such other and further relief, general or special, legal or equitable, to which she may be justly entitled.

Respectfully submitted,

MESTEMAKER, STRAUB & ZUMWALT

By:  */s/ David K. Mestemaker*
    David K. Mestemaker
    State Bar No. 13974600
    dkm@mandsattorneys.com
By:  */s/ Norman Straub*
    Norman Straub
    State Bar No. 00793002
    nstraub@mandsattorneys.com

–19–

By:   /s/ Jonathan B. Zumwalt
    Jonathan B. Zumwalt
    State Bar No. 24053570
    jbz@mandsattorneys.com

    3100 Timmons Lane, Suite 455
    Houston, Texas 77027
    (713) 626-8900 Telephone
    (713) 626-8910 Telecopier

ATTORNEYS FOR PLAINTIFF

**<u>Designated E-Service Email Address</u>**
The following is the undersigned attorney's
designation of electronic service email address
for all electronically served documents and
notices, filed and unfiled, pursuant to Tex.
R.Civ. P. 21(f)(2) & 21(a).
(Contact@mandsattorneys.com). This is the
undersigned's ONLY electronic service email
address, and service through any other email
address will be considered invalid.

–20–